## COMMONWEALTH OF MASSACHUSETTS

CIVIL ACTION NO. 1-20-cv-12082-DC

|  |  |
|---|---|
| _____ | ) |
| FELIX G. ARROYO, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF BOSTON AND | ) |
| MARTIN J. WALSH | ) |
| *Mayor of Boston,* | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The Plaintiff hereby opposes the Defendants' motion to dismiss.  As reasons therefore, the Plaintiff states as follows:

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all nonconclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. *Id.* Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. *Id.* at 13.When rendering that determination, a court may not look beyond the facts alleged

in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. *Haley v. City of Boston*, 657 F.3d 39, 46 (1ˢᵗ Cir. 2011).

## I.    <u>Intentional Claims Against the City</u>

With regard to the intentional claims of Defamation, Intentional Infliction of Emotional Distress, and Invasion of Privacy, the Defendants mainly argue that they should be dismissed pursuant to M.G.L. c. 258 § 10, the Tort Claims Act.  The Defendants fail, however, to provide any argument regarding Mayor Walsh's individual actions.  The Plaintiff's complaint noted that "Mayor Walsh is sued in his individual and official capacity as Mayor."  Plaintiff's Complaint ¶ 3.

Mayor Walsh may be held individually liable for his intentional acts.  *See Spring v. Geriatric Authority of Holyoke,* 394 Mass. 274, 286 (1985); *see also Cheever v. Town of N. Reading*, 8 LCR 212, 216 (2000).  The Plaintiff intends to file an amended complaint that will focus on Mayor Walsh's individual actions and seek liability against him individually for the intentional torts committed by him and make it clear that liability of these intentional torts are not being lodged against the City.[1]

## II.    <u>Massachusetts Civil Rights Claim</u>

The City seeks to indicate that it cannot be held liable for a violation of the Massachusetts Civil Rights Act.  The City seems to suggest that their position is resolved law.  Indeed, in a case decided by this Court in June of 2020, this Court (Talwani, J.), rejected the exact same proposition from the City of Boston.  *See Regis v. City of Boston*, 2020 U.S. Dist. LEXIS 95402 *; 2020 WL 28388 (2020).  In *Regis*, Judge Talwani found the issue to be unresolved as noted by the Supreme Judicial Court in *Am. Lithuanian Naturalization Club v. Bd. of Health of*

---

[1] Plaintiff's Counsel attempted to contact Attorney Reis to confer regarding the Motion to Amend on 1/4/21, but has not heard back.  The Plaintiff will file this motion after conferring with Attorney Reis pursuant to Local Rule 7.1.

*Athol*, 446 Mass. 310, 325-26 (2006).  The City still is wedded to the notion that this issue is clear and cites an Appeals Court case from five years before *Am. Lithuanian Naturalization Club*.  If this City's argument was valid because of the case cited by the City, however, the *Am. Lithuanian Naturalization Club* and *Regis* Court would not have found the issue unsettled.  Because there is not settled law supporting its position, the City's motion to dismiss should be denied.  It should also be denied to the extent that it concerns Mayor Walsh's individual actions.  The Plaintiff intends to file an amended complaint, which will flesh out these facts as to the Mayor's actions.

### III.      Breach of Contract and Due Process Rights Claims

The Plaintiff's claims regarding breach of contract and violation of his due process rights stem from the Mayor's promise that he would be able to hold his job along as the Mayor was in office and the discipline procedure within the Employment Manual.

To establish a procedural due process violation, a plaintiff must identify a protected liberty or property interest, and allege 'that the defendants, acting under color of state law, deprived [the plaintiff] of that ... interest without constitutionally adequate process.'" *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 56 (1st Cir. 2006). The identifiable interest at issue here is a property interest in continued employment.  In order to have procedural due process rights in his employment, Arroyo must have had "a reasonable expectation, based on a statute, policy, rule, or contract, that he or she would continue to be employed." *Concepcion Chaparro v. Ruiz-Hernandez,* 607 F.3d 261, 264 (1st Cir. 2010). "Property interests are not created by the Constitution, [but] they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).  At the motion to dismiss stage, however,

3

"[t]he plaintiff is not obligated ... to fully plead the law providing them a property interest; they only have to plead facts that would give their claim of a property interest sufficient plausibility." *Vázquez-Velázquez v. P.R. Highway & Transp. Auth*., CIVIL NO.:15-1727 (MEL), 2016 U.S. Dist. LEXIS 5560, 2016 WL 183653, at *5 (D.P.R. Jan. 14, 2016).

In this case, the Plaintiff has done this.  He has plead that the Mayor stated that Arroyo could have his job as long as he was in office.  Plaintiff's Complaint ¶ 9.  Additionally, the Plaintiff alleged that the Employment Manual's disciplinary procedure would be followed before he was terminated.  Both allegations certainly give the Plaintiff's allegations "sufficient plausibility" at this early motion to dismiss stage.  In any case, the Plaintiff expects to flesh out these details within his amended complaint to be filed forthwith.

The Plaintiff also has a substantive due process claim. "While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, ... substantive due process rights are created only by the Constitution." *Christensen v. Kingston School Committee*, 360 F. Supp. 2d 212, 223 (D. Mass. 2005) *quoting Regents of University of Michigan v. Ewing*, 474 U.S. 214, 229 (1985) (Justice Powell, concurring). In order to establish a substantive due process claim, a "plaintiff must show both that the acts were so egregious as to shock the conscience and that they deprived him of a protected interest in life, liberty, or property." *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006).

"Courts are reluctant to find 'conscience shocking' behavior implicating a constitutional violation when the plaintiff was not physically abused, detained, or prosecuted due to racial or political motivation, or otherwise deprived of equal protection of law." *Forest v. Pawtucket Police Dep't*, 290 F. Supp. 2d 215, 231 (D.R.I. 2003) *citing Senra v. Cunningham*, 9 F.3d 168,

4

173 (1st Cir. 1993).  In *Bliss v. Sanguinet*, No. 12-10123-RWZ, 2013 U.S. Dist. LEXIS 88245,

2013 WL 3334728 (D. Mass. June 24, 2013), however, a complaint survived a motion to dismiss

where a Plaintiff alleged charges brough against him were unfounded and he was target for

personal and political reasons.   This is precisely what the Plaintiff alleges in this case.  The

Plaintiff further will flesh further out the political motivation allegations in his amended

complaint.

     **IV.**    **Breach of Good Faith and Fair Dealing**

     Massachusetts has recognized certain limited exceptions to this rule where a covenant of

good faith and fair dealing may be implied: (1) when an employer terminates an employee to

avoid payment of future expected compensation for past services or expected benefits (the

financial benefit prong) or (2) when the employment was terminated contrary to a clearly

established public policy. *Masso v. United Parcel Serv. of Amer., Inc.*, 884 F. Supp. 610, 614 (D.

Mass. 1995).  In this case, the Plaintiff has alleged that the City of Boston failed to follow its

disciplinary procedure and failed to fully investigate the allegations against Arroyo.  The

Plaintiff asserts that the termination was against public policy as it sought to punish Arroyo for

not resigning his position with the City and his refusal to admit to acts that he did not do.  The

Plaintiff had the right to defend himself and the right to not admit to things that he did not do.

This is enough to state a claim for Breach of Good Faith and Fair Dealing.

     **V.**    **Negligent Infliction of Emotional Distress**

     A claim for negligent infliction of emotional distress requires "(1) negligence; (2)

emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology;

and (5) that a reasonable person would have suffered emotional distress under the

circumstances."  *Payton v. Abbott Labs*, 386 Mass. 540, 557 (1982).  The Defendants' downplay

their actions, but what they did was to make statements to the press and otherwise concerning

Arroyo.  These statements caused Arroyo to suffer emotional distress and objective

symptomatology as illustrated by the allegations in the Complaint.

**VI.     Conclusion**

     The Plaintiff just hired new counsel, who will be filing an amended complaint shortly.

To the extent this Court believes the original complaint does not state a claim, the Plaintiff

requests that he be given leave to file an amended complaint, which should resolve many of

these pleading issues.

     WHEREFORE, the Plaintiff prays that this motion to dismiss be denied.


               Respectfully Submitted,
               Plaintiff,
               By his Attorney,

Dated: 1/4/2021

               /s/ David Summer
               David B. Summer
               david@summerlaw.com
               BBO# 634514
               100 State Street, Suite 900
               Boston, MA 02109
               (617) 695-0050

CERTIFICATE OF SERVICE


I certify that I served the within document upon Defendant's counsel this 4th day of January
2021, via the Court's ECF System.


               /s/ David Summer
               David B. Summer